**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-594-DDD-STV

DARRELL HAMPTON

Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO;
CHIEF OF POLICE PAUL PAZEN, in his individual capacity;
OFFICER JOHN ALLRED, in his individual capacity;
SERGEANT JASON SIMMONS, in his individual capacity, and
SERGEANT CARLA HAVARD, in her individual capacity,

Defendants.

---

**SCHEDULING ORDER**

---

## 1. DATE OF CONFERENCE

The Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) is scheduled for **October 19, 2022,** at 9:45 a.m. in Courtroom A-402 before Magistrate Scott T. Varholak.

Appearing for the parties are:

Andy McNulty
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001 fax
amcnulty@kln-law.com

*Attorney for Plaintiff*

Geoffrey C. Klingsporn
Denver City Attorney's Office
Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
geoffrey.klingsporn@denvergov.org

*Attorneys for Defendants*

Sara L. Cook
VAUGHAN & DeMURO

111 South Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500 (phone)
(719) 578-5504 (fax)
scook@vaughandemuro.com

*Attorneys for Defendants Denver and Pazen*

William T. O'Connell, III
Saugat K. Thapa
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 900
Denver, CO 80290
Telephone: 303-830-1212
woconnell@warllc.com
sthapa@warllc.com

*Attorneys for Defendant Allred*

Eric Ziporin
Justin A. Twardowski
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Facsimile: (303) 320-0210
eziporin@sgrllc.com
jtwardowski@sgrllc.com

*Attorney for Defendant Havard*

## 2. STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States and is brought pursuant to Title 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.

Venue is proper in this District according to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this District and all Defendants reside in this District.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff's statement:[1]

1. Following the death of George Floyd on May 25, 2020, Darrell Hampton joined protesters in Denver and across the county in voicing their opposition to an epidemic of law enforcement violence against people of color. They said the names of not just George Floyd and Breonna Taylor, but also chanted the names of lives lost to police brutality closer to home, including Elijah McClain, Jessica Hernandez, Marvin Booker, and Michael Marshall. While speaking out against police brutality, Plaintiff Darrell Hampton, a Black man, became a victim of the same police brutality he was protesting.

Mr. Hampton attended the peaceful Denver protest for Black lives on May 30, 2020, with two friends. Mr. Hampton attended with the intention of exercising his First Amendment rights but instead was confronted with what would turn out to be a hallmark of the Denver protests: escalation, intimidation, and the excessive use of force by the Denver Police Department ("DPD"). Mr. Hampton was shot in the face with a pepper ball by a DPD officer while simply standing on the sidewalk using his smartphone to record the overly militarized response by DPD officers to a peaceful protest. This excessive use of force violated Mr. Hampton's constitutional rights.

The City and County of Denver's ("Denver") actions, while unconstitutional in any context, are even more pernicious here because the use of excessive force has specifically

---

[1] The facts section of Plaintiff's Complaint and Jury Demand [Doc. 1] is hereby incorporated as if set forth fully herein.

targeted peaceful demonstrators who assembled to protest police violence and brutality, including in particular police brutality that disproportionately targets Black Americans.

Defendants' actions, as described herein, deprived Mr. Hampton of the rights, privileges, liberties, and immunities secured by the Constitution of the United States of America and caused him other damages. As a result of Defendants' conduct, Plaintiff brings the following claims:

1. 42 U.S.C. § 1983, First Amendment Violation — Freedom Of Speech And Assembly, Plaintiff against all Defendants.

2. 42 U.S.C. § 1983, First Amendment Violation — Retaliation, Plaintiff against all Defendants.

3. 42 U.S.C. § 1983, Fourth Amendment Violation — Excessive Force, Plaintiff against all Defendants.

4. 42 U.S.C. § 1983, Fourteenth Amendment Violation — Excessive Force, Plaintiff against all Defendants.

5. 42 U.S.C. § 1983, Fourteenth Amendment Violation — Due Process, Plaintiff against all Defendants.

**Defendants Denver and Pazen:**

Beginning on May 28, 2020, large crowds participated in demonstrations in downtown Denver in response to the death of George Floyd. The Denver Police Department provided accommodations for the protests, including blocking traffic and allowing protests to continue in certain public streets. Unfortunately, the demonstrations devolved into riots with violence directed at police officers and significant damage to public and private property. Violent, criminal acts occurred at various locations throughout Denver that included projectiles and

homemade explosives being thrown or launched at police officers, who responded by attempting to disperse the crowds with less-lethal force. Many police officers were injured, and millions of dollars of property destruction occurred. On May 30, 2020, Denver Mayor Michael Hancock enacted a curfew that ran from 8:00PM to 5:00 AM.

Defendants Denver and Pazen deny any Denver policy, practice, or custom caused a violation of Plaintiff's constitutional rights. Defendants Denver and Pazen further deny violating any of Plaintiff's constitutional rights. Accordingly, Defendants Denver and Pazen assert the following defenses:

1. The First Amended Complaint fails to state a claim upon which relief may be granted, in whole or in part.

2. Defendant Pazen is entitled to qualified immunity.

3. At all times pertinent herein, Defendants Denver and Pazen acted in accordance with all constitutional obligations and without any intent to cause Plaintiff harm.

4. Plaintiff's damages, if any, were proximately caused by his own conduct and not by reason of any unconstitutional conduct of Defendants Denver and Pazen.

5. Plaintiff's injuries and damages, if any, were proximately caused by the acts or omissions of others over whom Defendants Denver and Pazen possessed no ability or opportunity or right to control.

6. In all respects, Defendants Denver and Pazen acted in accordance with applicable legal authority in all actions or inactions associated with Plaintiff, negating any claim of liability asserted by Plaintiff against them.

7. Defendants Denver and Pazen are not liable for any punitive damages pursuant to federal law in connection with this matter.

8. Plaintiff may have failed to mitigate any damages he allegedly sustained as a result of the events described in the First Amended Complaint.

9. Denver's policies were, at all relevant times, in conformance with established constitutional and statutory law with respect to all issues relevant to this action.

10. Denver's training and supervision of its police officers met or exceeded constitutional and statutory standards with respect to all topics relevant to this action.

**Defendant John Allred**:

Defendant Allred denies that he acted in violation of any law or constitutional obligation with respect to Plaintiff and denies that Plaintiff is entitled to any damages against him. Defendant Allred filed his Answer to Plaintiff's First Amended Complaint and Jury Demand on October 10, 2022 [Doc. No. 49] and incorporates all denials and defenses therein.

**Defendant Havard:**

Defendant Havard references and incorporates the factual summary above as provided by Defendants Denver, Pazen, and Simmons. This lawsuit generally alleges that Defendant Havard violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments. Defendant Havard denies that she violated Plaintiff's constitutional or statutory rights and generally denies the allegations set forth in Plaintiff's First Amended Complaint and Jury Demand.

Defendant Havard has not yet responded to Plaintiff's Complaint. However, she anticipates asserting the following defenses:

1. The Complaint fails to state a claim upon which relief can be granted, either in whole or in part.

2. Defendant Havard is entitled to qualified immunity.

3. Defendant Havard did not violate Plaintiff's constitutional rights.

4. Defendant Havard did not violate any clearly established law at the time of this incident.

5. Defendant Havard did not personally participate in, exercise discretion or control over, or fail to supervise the conduct underlying Plaintiff's alleged constitutional violation.

6. Defendant Havard's conduct was not substantially motivated as a response to Plaintiff's exercise of constitutionally protected conduct.

7. Plaintiff's alleged injuries and damages, if any, were proximately caused by his own conduct and not by any constitutional or statutory violation by Defendant Havard.

8. Plaintiff's alleged injuries and damages, if any, were proximately caused by the acts or omissions of others over whom Sergeant Havard had no ability, opportunity, or right to control.

9. Defendant Havard is not liable for any punitive damages pursuant to federal law.

10. Plaintiff's alleged damages are not to the extent and nature as alleged.

11. Plaintiff has failed to mitigate any alleged damages he sustained as a result of the incident described in the Complaint.

12. Defendant Havard reserves the right to add additional defenses that become apparent through disclosures and discovery.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.	Demonstrations in Denver in response to the killing of George Floyd began on May 28, 2020 and continued until at least June 2, 2020.

2.	At all times pertinent to this litigation, Defendant Havard was acting in her capacity as a peace officer for the City & County of Denver and under color of state law.

3.

## 5.	COMPUTATION OF DAMAGES

**Plaintiff:** Plaintiff claims all appropriate relief at law and equity, including injunctive relief; declaratory relief and other appropriate equitable relief; economic losses on all claims as allowed by law; compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial; punitive damages on all claims allowed by law and in an amount to be determined at trial; attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law; pre-and post-judgment interest at the lawful rate; and any other appropriate relief at law and equity that this Court deems just and proper.

A more precise computation of Plaintiff's damages, to the extent Plaintiff's damages are subject to such computation, will be provided during the normal course of discovery, and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter. Damages for emotional distress, in particular, are not susceptible to the type of calculation contemplated by Rule 26(a)(1). "[C]ompensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury." *Williams v. Trader Pub.*

*Co.*, 218 F.3d 481, 487 n.3 (5th Cir. 2000).

Punitive damages are sought based upon the egregious nature of the conduct of the defendants as set forth in the Complaint. Calculation of these damages and entitlements is premature and not susceptible to the type of calculation contemplated by Rule 26(a)(1).

**Defendants:**

Defendants have not made a claim for damages but reserve the right to seek attorneys' fees and costs related to the defense of this matter pursuant to applicable federal law.

## 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. P. 26(F)

a. Date of Rule 26(f) meeting: **May 31, 2022.**

b. Names of each participant and each party represented: Counsel for Plaintiff, Andy McNulty of Killmer, Lane & Newman, LLP, met with counsel for Defendants, Geoffrey Klingsporn and Raana Haidari, via telephone.

c. Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1): **None.**

d. Statement as to when Rule 26(a)(1) disclosures were made: **June 14, 2022.**

e. The parties have not agreed to conduct informal discovery but will attempt to cooperate with informal requests for discrete documents to the extent feasible as the case unfolds.

f. The parties agree to take all reasonable steps to reduce discovery and reduce costs. Plaintiff's counsel is also counsel for plaintiffs in eight other pending lawsuits against Denver and Denver's employees arising from the George Floyd protests. The parties have agreed that some discovery may be shared or consolidated across these cases, and will continue to discuss this

possibility.

Defendants also note that Plaintiff's counsel already is in possession of much of the discovery produced in *Epps, et al. v. City and County of Denver, et al.* (consolidated with *Fitouri, et al. v. City and County of Denver, et al.*), No. 1:20-cv-01878-RBJ, that is applicable to this case.

g. The parties anticipate that this case will involve a moderate amount of electronically stored information. The parties agree to produce all information in electronic form in order to reduce litigation costs. The parties further agree to work cooperatively to avoid discovery disputes related to electronically stored information.

h. The parties agree to cooperate regarding taking remote depositions by telephone and video conferencing where technically feasible and if necessary due to COVID-19 restrictions. The parties reserve the right to take party and key witness depositions in person if circumstances permit.

i. Pursuant to Fed. R. Civ. P. 26(f), the parties have discussed the possibility for a prompt settlement of the case. The parties will report the result of any future settlement discussions to the Court as they deem necessary or useful.

**7. CONSENT**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

**8. DISCOVERY LIMITATIONS**

a. The parties agree to limit the number of depositions to 10 per side. The parties agree to limit the length of depositions to 7 hours unless a longer deposition is agreed to by the parties or ordered by the court.

b. Each side may serve forty (40) interrogatories on the other side.

    c. Each side may serve forty (40) requests for production and forty (40) requests for admission on the other side.

d. Other Planning or Discovery Orders:

i. RULE 502(d) ORDER: The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## 9. CASE PLAN AND SCHEDULE

The plan and schedule must include the following items:

a. Deadline for Joinder of Parties and Amendment of Pleadings: **December 30, 2022.**

b. Discovery Cut-off: **October 15, 2023.**

c. Dispositive Motion Deadline: **November 15, 2023.**

d. Expert Witness Disclosure

(1) Statement regarding anticipated fields of expert testimony, if any:

a) Plaintiff: Plaintiff anticipates calling retained experts in the following possible fields: police practices, physical injury, and emotional distress.

    b) Defendants: At this time, Defendants anticipate calling an expert in police practices and use of force, a physician, and a psychologist. Defendants may also call any appropriate rebuttal experts.

(2) The parties shall be limited to a total of three (3) retained expert witnesses per side.

e. The parties shall designate all affirmative experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a) (2) on or before **July 14, 2023.**

f. The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a) (2) on or before **August 14, 2023.**

e. Deposition Schedule:

| Name of Deponent* | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Darrell Hampton | TBD | TBD | 7 hours |
| Paul Pazen | TBD | TBD | 7 hours |
| John Allred | TBD | TBD | 7 hours |
| Carla Havard | TBD | TBD | 7 hours |
| 30(b)(6) Rep(s) of Denver Police Department | TBD | TBD | 7 hours |

| Other individuals disclosed by the parties in their disclosures and discovery responses | TBD | TBD | __ hours |
|---|---|---|---|
| | | | |

* The Parties reserve the right to take additional depositions of persons identified in the Parties' disclosures and through the course of discovery.

f. Deadline for Interrogatories: All interrogatories must be served at least 30 days prior to the discovery cut-off.

g. Deadline for Requests for Production and Admission: All requests for production and requests for admission must be served at least 30 days prior to the discovery cut-off.

**10. DATES FOR FURTHER CONFERENCES**

a. Status conferences will be held in this case at the following dates and times:

_____________________________________________________________.

b. A final pretrial conference will be held in this case on _____________at o'clock _____. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**11. OTHER SCHEDULING ISSUES**

a. Statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement: **None.**

b. Statement of anticipated length of trial to the jury:

- Plaintiff proposes ten (10) days.
- Defendant proposes five (5) days.

  c. The Parties do not anticipate conducting any pretrial proceedings at the District Court's facilities in Colorado Springs, Grand Junction or Durango.

**12. NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.Colo.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.Colo.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13. AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER**

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this ______ day of _____________ 2022.

BY THE COURT:

______________________________
Scott T. Varholak
United States Magistrate Judge

APPROVED:

*s/ Andy McNulty*
______________________
Andy McNulty
Darold W. Killmer
Reid Allison

*s/ Geoffrey Klingsporn*
______________________
Geoffrey C. Klingsporn
Denver City Attorney's Office
Litigation Section

KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001 fax
amcnulty@kln-law.com
dkillmer@kln-law.com
rallison@kln-law.com

*Attorneys for Plaintiff*

201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
geoffrey.klingsporn@denvergov.org

*Attorneys for Defendants*

*s/ Sarah L. Cook*

Sara L. Cook
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500 (phone)
(719) 578-5504 (fax)
scook@vaughandemuro.com

*Attorneys for Defendants Denver and Pazen*

*s/ William T. O'Connell, III*

William T. O'Connell, III
Saugat K. Thapa
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 900
Denver, CO 80290
Telephone: 303-830-1212
woconnell@warllc.com
sthapa@warllc.com

*Attorneys for Defendant Allred*

*s/ Eric Ziporin*

Eric Ziporin
Justin A. Twardowski
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Telephone: (303) 320-0509

Facsimile: (303) 320-0210
eziporin@sgrllc.com
jtwardowski@sgrllc.com

*Attorney for Defendant Havard*